UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**JOSEPH BOBICK,**

       **Plaintiff,**

v.                                       **Civil Action No. _____**

**KEVIN McALEENAN,**
**Acting Secretary of**
**Homeland Security;**

and

**RENE ACOSTA,**
**Secretary of**
**Department of Labor;**

       **Defendant,**

## COMPLAINT

Plaintiff, by his Attorney, alleges the following:

1.       This action is an appeal from a final administrative decision of the Defendants;

2.       The Plaintiff has exhausted all administrative remedies;

3.       The Plaintiff, who was employed by the Department of Homeland Security as a luggage screener, has resided in Somerville, Massachusetts for all periods relevant to this appeal.

5. The Defendant, Kevin McAleenan, is the Acting Secretary of the Department of Homeland Security;

6. The Defendant, Rene Acosta, is the Secretary of the United States Department of Labor;

7. For all times relevant to this action, the Plaintiff was prescribed opioid pain medication and/or benzodiazepines for a work related back injury;

8. The Aviation and Transportation Security Act, Pub. L. 107-71 prohibits the use of opioid pain medication and/or benzodiazepines while actively employed as a luggage screener;

9. The Plaintiff applied for and was granted Federal Workers Compensation for his back injury from the defendant, Department of Labor;

10. The defendant, Department of Labor later determined that the Plaintiff's condition had improved and he could return to his position as a luggage screener;

11. The Plaintiff was instructed to return to work by the defendant, Department of Homeland Security;

12. The Plaintiff informed the Defendants that he would be violating Federal Law by returning to work as a luggage screener as he was prescribed opioid pain medication and/or benzodiazepines;

13. The defendant, Department of Homeland Security informed the Plaintiff he should retire or would be terminated for job abandonment.

14. The Plaintiff retired on December 31, 2013;

15. The Plaintiff filed a complaint with the US Equal Employment Opportunity Commission and never received a response. This Complaint is deemed denied;

### Count I- Breach of Contract

16. Plaintiff incorporates by reference the allegations of paragraphs 1 to 15.

17. By requiring the Plaintiff to return to employment in violation of Federal Law, the Defendants have breached the contract with the Plaintiff;

### Count II- Breach of Implied Contract

18. Plaintiff incorporates by reference the allegations of paragraphs 1 to 15.

19. By requiring the Plaintiff to return to employment in violation of Federal Law, the Defendants have breached the implied contract with the Plaintiff;

Count III- Constitutional Violations

20. Plaintiff incorporates by reference the allegations of paragraphs 1 to 15.

21. By requiring the Plaintiff to return to employment in violation of Federal Law, the Defendants have violated the Due Process provisions of the 5th and 14th Amendments of the United States Constitution;

**WHEREFORE,** plaintiff prays that this Court:

1.) find that the Plaintiff is entitled to all wages and benefits from the inability to perform full time employment until the date of retirement; and

2.) award attorney's fees under the Equal Access to Justice Act, 28 U.S.C. §2412, on the grounds that the Defendants' actions in this case was not substantially justified; and

3.) order such other and further relief as the Court deems just and proper.

Dated at Boston, Massachusetts, this 1st day of May 2019.

"/s/ Michael James Kelley"
Michael James Kelley, Esq.
44 School Street
Boston, Massachusetts 02108
(617) 523-1450
BBO# 567329